UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
AVE. V GOURMET DELI CORP.,

Plaintiff,

- against -

UNITED STATES OF AMERICA, *et al.*,

Defendants.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1233 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On April 21, 2026, the Court issued an order dismissing Plaintiff Ave. V Gourmet Deli Corp.'s case with prejudice for failure to comply with the Court's orders, including the rules governing applying for *pro hac vice* admission. (04/21/2026 Order Dismissing Case.) On May 7, 2026, Plaintiff moved for reconsideration with Defendants' consent. (Mot. Recons., Dkt. 10.) For the following reasons, the Court denies Plaintiff's Motion for Reconsideration but *sua sponte* vacates its final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and orders Plaintiff's counsel, Joseph A. Bahgat, to show cause why he should not be sanctioned.

**BACKGROUND**

## I. Factual Background[1]

### A. Attorney Joseph A. Bahgat's *Pro Hac Vice* Practices

Attorney Joseph A. Bahgat ("Bahgat") frequently appears as an attorney in this district, always via *pro hac vice* admission, because he is neither admitted to the New York bar, nor is he

[1] The following facts are drawn from filings in this case or are those of which the Court may take judicial notice, including public filings and websites whose authenticity may not be questioned. *See, e.g.*, *United States v. Am. Soc'y of Composers, Authors & Publishers*, 627 F.3d 64, 69 n.2 (2d Cir. 2010) (public filings); *Hotel Emps. & Rest. Emps. Union, Loc. 100 of N.Y. & Vicinity, AFL CIO v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002) (websites).

admitted to practice in the Eastern District of New York. *See* Local Civ. R. 1.3(i); (*see*, *e.g.*, Mot. Appear *Pro Hac Vice*, Dkt. 8, at 1 (Bahgat representing, *inter alia*, that he is licensed in Pennsylvania, but not mentioning a New York license)); *but see infra* pp. 20–23 (discussing the truthfulness of this representation). Relevant here, the district's Local Civil Rules direct applicants to request "pro hac vice electronic filing privileges through the PACER website," and thereafter "must electronically file a motion for admission pro hac vice on the court's ECF system and pay the required fee." Local Civ. R. 1.3(j). The motion for *pro hac vice* admission "must be accompanied by a certificate of the court for *each of the states* in which the applicant is a member of the bar that has been issued within 30 days of filing and states that the applicant is a member in good standing of the bar of that state court[.]" Local Civ. R. 1.3(k) (emphasis added). Put simply, the district's Local Civil Rules require an attorney to file the application for *pro hac vice* admission *before* filing anything on the electronic docket. Indeed, if an attorney is filing a new complaint, that attorney must "file the motion for pro hac vice admission *with* the complaint. Failure to do so may result in the suspension of e-filing privileges." *Attorney Admissions*, United States District Court of the Eastern District of New York (emphasis added), https://www.nyed.uscourts.gov/attorney-admissions [https://perma.cc/K3CG-7PW2] (last visited Sep. 9, 2026).

Bahgat consistently flouts these rules. When Bahgat files documents before courts in this district, he often states that his *pro hac vice* application is "pending"—when, in fact, he has not filed an application for admission. *See, e.g.*, (Compl., Dkt. 1); Compl., *Cross Bay Deli & Grocery Corp. v. United States*, No. 26-CV-1152 (CBA) (SDE) (E.D.N.Y. Feb. 27, 2026), Dkt. 1; Compl., *Deli Combo Inc. v. United States*, No. 25-CV-5944 (RPK) (JRC) (E.D.N.Y. Oct. 23, 2025), Dkt. 1; Compl., *Late Night 357 Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 26-CV-1044 (KAM) (CHK) (E.D.N.Y. Feb. 23, 2026), Dkt. 1. Indeed, in approximately **twenty cases** in this

district, Bahgat **never** filed for *pro hac vice* admission, despite submitting filings, executing stipulations, and obtaining settlements. *See Easy Stuyvesant Deli Corp. v. United States*, No. 24-CV-8280 (HG) (E.D.N.Y. filed Nov. 29, 2024); *Jabar Two Famous Deli Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 22-CV-4900 (EK) (JRC) (E.D.N.Y. filed Aug. 19, 2022); *Seven Days Deli & Grocery Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 22-CV-5507 (NGG) (RML) (E.D.N.Y. filed Sep. 14, 2022); *Atlantic Ave. Deli Grocery Corp. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 24-CV-0277 (SJB) (E.D.N.Y. filed Jan. 12, 2024); *12 St. Gourmet Deli Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 22-CV-2548 (AMD) (SJB) (E.D.N.Y. filed May 4, 2022); *Borhan Food Mart Corp. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 22-CV-6547 (HG) (E.D.N.Y. filed Oct. 27, 2022); *1414 Castleton Corp. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 22-CV-7844 (PKC) (RML) (E.D.N.Y. filed Dec. 23, 2022); *King 1 Gourmet Deli Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, 23-CV-2006 (OEM) (TAM) (E.D.N.Y. filed Mar. 15, 2023); *Alkharaf Deli & Grocery Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 23-CV-2630 (NGG) (SJB) (E.D.N.Y. filed Apr. 6, 2023); *Rosedale Fantastic Deli Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 23-CV-3112 (RPK) (TAM) (E.D.N.Y. filed Apr. 25, 2023); *Food You Desire Corp. v. United States*, No. 24-CV-6538 (ENV) (MMH) (E.D.N.Y. filed Sep. 17, 2024); *Mike Deli & Grill Corp. v. United States*, No. 24-CV-6541 (VMS) (E.D.N.Y. filed Sep. 17, 2024); *Grand Freedom Mkt. Corp. v. United States*, No. 25-CV-1900 (BMC) (E.D.N.Y. filed Apr. 7, 2025); *JMD Marketplace Inc. v. United States*, No. 25-CV-2756 (NRM) (PCG) (E.D.N.Y. filed May 16, 2025); *Coffee House & Deli Corp v. United States*, No. 25-CV-3744 (EK) (CLP) (E.D.N.Y. filed July 7, 2025); *Deli Combo Inc. v. United States*, No. 25-CV-5944 (RPK) (JRC) (E.D.N.Y. filed Oct. 23, 2025); *Jabar Southside Deli Inc. v. United States*, No. 26-CV-0848 (NCM) (JAM) (E.D.N.Y. filed Feb. 13,

2026); *Late Night 357 Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 26-CV-1044 (KAM) (CHK) (E.D.N.Y. filed Feb. 23, 2026).

On the occasions when Bahgat does file for *pro hac vice* admission, it is only *after* a warning or direction from the court to do so. *See* O.S.C., *Cross Bay*, No. 26-CV-1152 (CBA) (SDE) (E.D.N.Y. Apr. 1, 2026); Notice Impending Dismissal, *7 Days Food Mart Corp. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 24-CV-1346 (DLI) (CLP) (E.D.N.Y. May 31, 2024); O.S.C., *S. King Deli & Grocery Corp. v. United States*, No. 24-CV-6544 (FB) (JAM) (E.D.N.Y. Sep. 21, 2024); Status Report Order, *Elm Mini Mart Corp. v. United States*, No. 26-CV-1335 (SDE) (E.D.N.Y. Apr. 7, 2026); Order, *Astoria Town Deli & Grocery Corp. v. United States*, No. 25-CV-3867 (NRM) (JAM) (E.D.N.Y. Oct. 27, 2025); Order, *World Famous Deli Corp. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 26-CV-1038 (VMS) (E.D.N.Y. Apr. 24, 2026); Order, *Ocean Park Gourmet Deli Corp. v. United States*, No. 26-CV-1042 (NGG) (TAM) (E.D.N.Y. Feb. 26, 2026); Order, *Greenland Mkt. Inc. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 26-CV-1231 (JAM) (E.D.N.Y. Apr. 6, 2026); O.S.C., *Bob Deli Corp. v. United States*, No. 26-CV-1242 (PK) (E.D.N.Y. Apr. 28, 2026); Order, *Firehouse Deli & Grill #2 Corp. v. United States*, No. 26-CV-1269 (HG) (E.D.N.Y. Apr. 8, 2026); Order, *Lenox Deli Bites Corp. v. United States*, No. 26-CV-1270 (LKE) (E.D.N.Y. Apr. 7, 2026); Order, *7 Star Express Corp. v. United States*, No. 26-CV-2065 (PK) (E.D.N.Y. Apr. 9, 2026); O.S.C. *Bella Rosa Deli Corp. v. U.S. Dep't of Agric., Food and Nutrition Serv.*, No. 26-CV-1041 (FB) (MMH) (E.D.N.Y. Apr. 8, 2026).

In these warnings, courts have repeatedly explained to Bahgat the requirement that he seek *pro hac vice* admission before submitting any filings in the case. In 2023, for example, this Court informed Bahgat that the Court could not consider the stipulation of dismissal Baghat had signed

because Bahgat had not been admitted *pro hac vice* and therefore had no authority to file it. *See* Order, *1414 Castleton*, No. 22-CV-7844 (May 2, 2023). Indeed, the Court emphatically apprised Bahgat that he should have sought *pro hac vice* admission when he "filed this lawsuit *over four months ago*." *Id.* (emphasis added). And in 2024, Bahgat was again warned by another judge in this district that he "MAY NOT appear or file anything in this case without first being admitted to practice here and he must familiarize himself with, *inter alia*, the Federal Rules and the Local Rules of this Court." Notice Impending Dismissal, *7 Days Food Mart Corp.*, No. 24-CV-1346 (May 31, 2024).

In response, Bahgat has argued that he was *not* required to apply for *pro hac vice* admission because there would be "'no motion practice' before this Court, [and therefore] he w[ould] not be 'arguing' or 'trying' the case as contemplated by Rule 1.3(c)."[2] *See* Order, *1414 Castleton*, No. 22-CV-7844 (May 11, 2023) (quoting Dkt. 10). This Court rejected that argument as inconsistent with Federal Rule of Civil Procedure ("Rule") 41 and directed him to file for admission. *Id.* In so ordering, the Court rejected Bahgat's "claim that he need[ed] a 45-day extension to file his *pro hac vice* motion due to Pennsylvania's non-electronic Certificate of Good Standing system" because he should have sought *pro hac vice* admission at the time of filing the complaint. *Id.* In that case, like several others, Bahgat did not heed these warnings and did not file for admission.[3]

---

[2] In May 2023, *pro hac vice* admission was governed by Local Civil Rule 1.3(c). Currently, *pro hac vice* admission is governed by Local Civil Rule 1.3(i), which provides that "[a] member in good standing of the bar of any state or of any United States district court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion."

[3] *1414 Castleton* was closed via voluntary dismissal by the plaintiff (Bahgat's client), after the Court denied Bahgat's request for a 45-day extension to file his *pro hac vice* motion and threatened to sanction him "$150 (the fee in this [d]istrict for a *pro hac vice* application) and dismiss this action for failure to prosecute under [Rule] 41(b)" "[i]f Mr. Bahgat d[id] not, within the next 30 days, either move for *pro hac vice* admission and resubmit the Stipulation of Dismissal;

As of the date of Bahgat's Motion for Reconsideration, he had filed for *pro hac vice* admission—without prompting or direction from the Court—in **only two cases** in this district. Mot. Appear *Pro Hac Vice*, *12 St. Gourmet Deli Inc. v. U.S. Dep't Agric., Food and Nutrition Serv.*, No. 21-CV-6762 (E.D.N.Y. Dec. 7, 2021), Dkt. 2; Mot. Appear *Pro Hac Vice*, *7 Days Food Mart Corp. v. United States*, No. 26-CV-1899 (AMD) (PK) (E.D.N.Y. April 1, 2026), Dkt. 3. However, even in those two cases where Baghat did submit a *pro hac vice* application, his filings were substantially deficient such that he never actually secured *pro hac vice* admission. *See* Clerk's Notice, *12 St. Gourmet Deli Inc.*, No. 21-CV-6762 (Dec. 7, 2021) (informing Bahgat that he needed to pay the filing fee); Notice Voluntary Dismissal, *12 St. Gourmet Deli Inc.*, No. 21-CV-6762, Dkt. 4 (voluntarily dismissing case despite Bahgat not paying the filing fee); *see also* Order, *7 Days Food Mart Corp.*, No. 26-CV-1899 (Aug. 14, 2026) (dismissing Baghat's *pro hac vice* application because it listed incorrect party names).

**B. The Instant Case**

On March 3, 2026, Bahgat filed the Complaint on behalf of Plaintiff. Bahgat signed the Complaint, "Joseph A. Bahgat (Pro Hac Vice Pending)." (Compl., Dkt. 1, at 6.) Despite this representation, Bahgat did not file an application for *pro hac vice* admission for over one month. On April 7, 2026, the Court directed Bahgat to file a motion for *pro hac vice* admission by April 14, 2026, and to explain the cause of the delay in submitting his application. (04/07/2026 Dkt. Order.) Two days later, Bahgat moved for an extension of time to file that motion. (Mot. Extension Time, Dkt. 6.) In doing so, Bahgat explained that his existing certificate of good standing to practice in Pennsylvania was issued on March 2, 2026, even though he did not receive

or voluntarily dismiss this case pursuant to Rule 41(a)(1)(A)(i)[.]" Order, *1414 Castleton*, No. 22-CV-7844 (May 11, 2023).

it until March 19, 2026. (*Id.* at 2.) Therefore, Bahgat further explained, the March 2 certificate had become "stale" by April 1, 2026 because under Local Civil Rule 1.3, "every application for pro hac vice admission 'must be accompanied by a certificate . . . which has been *issued* within 30 days.'" (*Id.* at 2, 4 (quoting Loc. Civ. R. 1.3(d)).)[4] Bahgat claimed that he did not file for admission during the thirteen-day window after he purportedly received the certificate and before its expiration under Local Civil Rule 1.3, *i.e.*, March 19 to April 1, 2026, for three reasons. Bahgat (1) "did not realize the urgency to file all outstanding pro hac vice motions []in just 13 days [after receiving the certificate in the mail]," (*id.* at 3); (2) received a sudden influx of cases, half of which "only came to [him] two or three days shy of the 30-day statute of limitations," such that he "was not immediately prepared" to comply with Local Civil Rule 1.3, (*id.* at 6); and (3) was suffering from pain and ongoing health issues due to a "botched emergency dental procedure he underwent while on vacation" in January 2026 that required surgery on March 23, 2026, (*id.* at 3). Bahgat suggested that because of his medical issues, he "did not realize" that his most recent "certificate of good standing had become stale" until April 6, five days after it had expired, when another judge in the district informed him of this fact. (*Id.* at 2, 4.) Bahgat stated that he "immediately" sought a new certificate of good standing after this realization, but claimed that an extension was necessary because the certificate would take over two weeks to arrive in the mail. (*Id.* at 4.)

[4] Bahgat erroneously refers to Local Civil Rule 1.3(d), which governs admissions to the district's bar, although it similarly requires applications to "be accompanied by a certificate of the clerk of the court for each of the states in which the applicant is a member of the bar, which has been issued within 30 days of filing and states that the applicant is a member in good standing of the bar of that state court." Local Civ. R. 1.3(d). The Court construes Bahgat's arguments as to *pro hac vice* admission to concern Local Civil Rules 1.3(i), (j), and (k), which refer to applications for *pro hac vice* admission by a "member in good standing of the bar of any state." Local Civil Rule 1.3(d), like Local Civil Rule 1.3(k), requires the submission of a certificate of good standing that has been issued within 30 days of filing.

On April 13, 2026, the Court denied Bahgat's extension request. (Order Den. Extension Req., Dkt. 7.) The Court noted Bahgat's pattern of flouting Local Civil Rule 1.3 across cases in the district and rejected his excuses for noncompliance—namely that he "did not realize the urgency" of filing all of his *pro hac vice* applications within the time period specified by Local Civil Rule 1.3(d) and that he did not realize his certificate was outdated—as incredible and falling short of good cause. (*Id.* at 2–3.) Thus, the Court directed Bahgat to file for *pro hac vice* admission by April 14, 2026 and warned that "[f]ailure to comply with the Court's deadline will result in the dismissal of this case." (*Id.* at 3.)

Bahgat failed to file an application for admission by April 14, 2026. On April 17, Bahgat filed a belated motion for admission *pro hac vice* by using a certificate of good standing that had been issued just four days prior. (Mot. Appear *Pro Hac Vice*, Dkt. 8; Good Standing Certificate, Dkt. 8-3; Mot. Recons., Dkt 10, at 4 (Baghat describing the certificate's quick arrival in the mail as "miraculous[]").) The Court found that this "belated submission d[id] not excuse [Bahgat's] noncompliance" with Local Civil Rule 1.3 and dismissed the case with prejudice. (04/21/2026 Order Dismissing Case.) In doing so, the Court acknowledged that "[w]hile [dismissal] might seem harsh, it is based on Attorney Bahgat's long and well-documented history of filing cases in this district, falsely representing that his *pro hac vice* is pending when one has not been filed, and only filing one when his failure to do so is called out by the Court." (*Id.*)

**II. Procedural History**

On May 7, 2026, Bahgat filed the instant motion for reconsideration of the Court's judgment of dismissal pursuant to Rules 59(e) and 60(b)(1). (Mot. Recons., Dkt. 10.) Bahgat asserts that reconsideration is warranted because, *inter alia*, it will allow counsel to "execute and file a stipulation of settlement and dismissal of the complaint." (*Id.* at 1.) Moreover, Bahgat explains, he could not file for admission on April 13, 2026, because "the Pennsylvania Supreme

Court had not yet issued the certificate of good standing that is a necessary prerequisite to filing such a motion." (*Id.* at 4.) Accordingly, "[t]he delay in filing the pro hac vice motion was not attributable to counsel's negligence or lack of diligence." (*Id.* at 9.) Bahgat also maintains that, once he received the certificate of good standing, he "immediately filed the motion for pro hac vice admission," demonstrating his "diligence and promptness." (*Id.* at 4.)

On June 1, 2026, the Court held a status conference to discuss whether Defendants would agree to settle without reopening the case. (Min. Entry dated 06/01/2026.) During that conference, Bahgat provided a litany of reasons why he did not file for *pro hac vice* admission when he filed the Complaint in this case. Bahgat explained that, at the time of filing the Complaint, he did not have a certificate of good standing that had been issued in the past 30 days. (06/01/2026 Mot. Hr'g Tr. ("MHT"), Dkt. 14, at 13.) However, Bahgat did not explain why he did not have a recently issued certificate on hand at that time, despite knowing that he was going to file a new case in this district. Instead, he reiterated that swhe got "a whole bunch of cases" in late February 2026, "wasn't really prepared to handle that kind of volume by [himself]," and only sought a certificate of good standing on February 27, 2026 for those new cases. (*See id.*) According to Bahgat, Pennsylvania takes over two weeks to mail the certificate of good standing, and that is why Bahgat did not have a valid certificate at the time of filing the Complaint in this case on March 2, 2026. (*Id.* at 18; *see also id.* (explaining that the mail system was "bad because [he will] get orders that have deadlines in them that have already passed").) At the conference, Bahgat offered one new piece of information: he explained that he could not have waited to receive this certificate before filing the Complaint because he had taken on Plaintiff's case only one day before the statute of limitations was due to expire. (*Id.* at 16–18.) This latter information, the Court noted, was not "in [his] request for an extension of time." (*Compare id.* at 23–24, *with* Mot. Extension Time, Dkt. 6,

at 6 (stating the statute of limitations posed a constraint in 50% of his cases, but not mentioning that was an issue in this case specifically).)

Even putting aside Bahgat's failure to *initially* obtain a valid certificate and file for *pro hac vice* admission alongside the Complaint, the Court noted that Bahgat received a valid certificate of good standing on March 19, 2026—and yet he still failed to file for *pro hac vice* admission within the remaining portion of the 30-day period. (*See* MHT, Dkt. 14, at 3 ("[Y]ou had a certificate of good standing at some point . . . within that month period during which you could have filed your pro hac vice application, but you didn't.").) Bahgat reiterated that he failed to do so because he "spent about three weeks in the month of March under excruciating pain. [He] had a tooth problem that ended up needing surgery. . . . [He] was on painkillers for at least two weeks, like heavy painkillers, and [his] mind was not—[he] wasn't lucid." (*Id.* at 6.) He claims he finally had surgery on March 23, 2026.[5] (Mot. Extension Time, Dkt. 6, at 3.) Bahgat did not explain why he did not apply for *pro hac vice* admission after the surgery, during the one-week period before his certificate became stale on April 1, 2026.

The Court asked Defendants whether the settlement could be effectuated without reopening the case, but Defendants informed the Court that it was not possible as "there is no statute or regulation that permits such [an out-of-court] process." (Ltr., Dkt. 13.)

[5] As previously discussed, Bahgat's request for an extension of time suggests that he was experiencing pain before March 2026, as he noted that he received a "botched emergency dental procedure he underwent while on vacation on Jan. 22, 2026," which required "narcotic pain medication." (Mot. Extension Time, Dkt. 6, at 3.)

## DISCUSSION

### I. Reconsideration

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citing *Shrader*, 70 F.3d at 257); *see also* Loc. Civ. R. 6.3 (requiring the moving party to "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked"). Reconsideration is typically reserved where there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

Plaintiff has failed to demonstrate grounds for reconsideration of the Court's prior dismissal of this case.

#### A. Dismissal Was Appropriate

Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). The rule authorizes dismissal *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

> A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *See id.* Although the Court was not required to make a "robotic incantation[]" as to why dismissal was proper under Rule 41(b), *Baptiste*, 768 F.3d at 217 (citation omitted), the Court will *again* explain why it found dismissal with prejudice appropriate.

First, Bahgat's failure to comply with the Court's order was not "based on a four-day procedural delay," (*contra* Mot. Recons., Dkt. 10, at 6), but rather Bahgat's failure to comply with the Court's Local Civil Rules governing attorney admission for *over one month*. And, as the Court explains below, this noncompliance is *ongoing.* Second, Bahgat was on notice that failure to comply with the Court's deadline for submitting a *pro hac vice* application would result in dismissal, having been warned of this consequence in this case and others. *See* (Order Den. Extension Req., Dkt. 7 (warning that "[f]ailure to comply with the Court's deadline w[ould] result in the dismissal of this case")); *see also* Notice Impending Dismissal, *7 Days Food Mart Corp.*, No. 24-CV-1346 (May 31, 2024) (threatening to dismiss case if Bahgat did not seek *pro hac vice* admission). Bahgat knew that he should have filed for admission before making *any* filings in this case, having been so warned in many other cases. *See, e.g.*, Order, *1414 Castleton*, No. 22-CV-7844 (May 2, 2023). Third, although the Court was cognizant of affording Plaintiff a fair chance to be heard, the Court had been forced to issue additional orders and hold a hearing in order to ensure Bahgat actually filed an application for admission and to understand why Bahgat was allegedly unable to do so in this instant case. *See* (MHT, Dkt. 14, at 13, 22–24 (clarifying why Bahgat was unable to file an application *pro hac vice* and noting that Bahgat needed to be "as candid as possible with the Court regarding the circumstances that led to [his] failure to file the . . . application" because his prior responses "prompted a lot of skepticism and reaction from

the Court")); *see also Thompson v. Snortland*, No. 19-CV-4743 (PKC) (LB), 2022 WL 1597402, at *4 (E.D.N.Y. May 19, 2022) (determining dismissal was appropriate because "in addition to the Court's general interest in managing its docket, in this case, the Court ha[d] been forced to hold extra hearings and issue several orders because of [p]laintiff's failure to update his address and respond to orders"). Fourth, the Court considered the possibility of lesser sanctions, but in light of the prior warnings Bahgat had received in so many cases in this district—and no signs of any changed behavior—the Court determined that no other sanction would deter Bahgat from continuing his derelict, if not dishonest, tactics and abuse of court processes. Fifth, the Court did not discern that dismissal would prejudice Defendants in any form, and found that the other factors amply weighed in favor of dismissal.

The subsequent settlement of this case in principle does not constitute a valid ground for reconsideration. For evidence to be considered "newly available" it must be "evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted). But "[s]ubsequent developments in the case do not constitute 'newly available evidence' for purposes of a motion for reconsideration." *Deangelis v. Corzine*, No. 11-CV-7866 (VM), 2015 WL 9647531, at *3 (S.D.N.Y. Dec. 23, 2015). Thus, settlement subsequent to a court's order of dismissal is not "newly available evidence" that provides grounds for reconsideration. *See id.* at *3 (declining to reconsider order approving settlement when later global settlement materialized).

Bahgat's attempt to argue that the Court's dismissal resulted in a manifest injustice, because his noncompliance was "caused by circumstances entirely beyond . . . [his] control," (Mot. Recons., Dkt. 10, at 6), grossly misstates the record. Bahgat's noncompliance was a problem

almost entirely of his own making. As Bahgat admitted, he was not "really prepared to handle" a sudden influx of cases—and thus, the attendant procedural requirements—and "let some things slip through the cracks." (MHT, Dkt. 14, at 13.) While a sudden influx of cases might be a credible excuse if Bahgat was unaware of the requirement for *pro hac vice* admission and the timeline for submitting the certificate of good standing, that is not the case here. Bahgat has known since at least 2023 that he may not file documents in this district without seeking *pro hac vice* admission. *See* Order, *1414 Castleton*, No. 22-CV-7844 (May 2, 2023) (instructing that "Mr. Baghat must file" a *pro hac vice* application "before any stipulation of dismissal can be properly recognized"). Bahgat also was on notice that his system of waiting until *after* filing a complaint to receive a certificate of good standing from Pennsylvania was not appropriate because, in May 2023, this Court informed Bahgat that he "should have moved to appear *pro hac vice*" at the time he filed the lawsuit. Order, *1414 Castleton*, No. 22-CV-7844 (May 11, 2023). Despite such notice, Bahgat took on cases for which the statute of limitations required filing a complaint long before he would be able to obtain a certificate of good standing. And despite litigating in this district for approximately four years and receiving *dozens* of orders directing him to timely file for *pro hac vice* admission, Bahgat failed to implement *any process* to timely request *pro hac vice* admission, such as automatically submitting a "new written request for a certificate of good standing . . . every 30 days." (Mot. Extension Time, Dkt. 6, at 6.) At some point—and it should not have taken long—Bahgat knew what the *pro hac vice* admission process in this district involved and should have anticipated what he needed to do in advance to timely seek admission.

Even assuming that some of the circumstances surrounding Bahgat's initiation of this case were beyond his control, he failed to credibly present them to the Court after initiating this lawsuit. For one, Bahgat did not indicate, at the time of filing the Complaint, that his application for

admission would be delayed due to the aforementioned constraints. Bahgat instead asserted that his "Pro Hac Vice" was "[p]ending"—as he had done in virtually all of the cases he filed in this district—despite not having filed any such application. (*See* Compl., Dkt. 1, at 6); *see, e.g.*, Compl. at 6, *Late Night 357 Inc.*, No. 26-CV-1044, Dkt. 1. This representation was false.[6] And when Bahgat had an opportunity to explain why an extension was necessary, Bahgat did not mention that he had to immediately file the *instant* Complaint due to a statute of limitations issue, (Mot. Extension Time, Dkt. 6, at 6 (stating the statute of limitations concern in general, but not in this case specifically)), and therefore failed to explain why he had not sought a certificate of good standing prior to initiating this case. Instead, Bahgat offered the utterly unbelievable excuse that he did not "realize until April 6 that the certificate of good standing had become stale five days earlier," and only because another judge pointed this out, (*id.* at 2, 4). Bahgat failed to make appropriate, honest, and accurate arguments at the time the Court rendered the decision. That he is now better able to articulate why he could not timely seek *pro hac vice* admission is not grounds for reconsideration. *See Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) ("[A] motion for reconsideration . . . precludes the petitioner from re-litigating issues already decided or raising arguments that could have been made prior to the entry of judgment.").

Bahgat's latest excuses, even now, strike the Court as utterly fabricated. Bahgat has shifted his representations as to the number of weeks it takes to receive his certificate of good standing in the mail—from "three weeks," (MHT, Dkt. 14, at 5), to 30 days, *see* Order, *1414 Castleton*, No. 22-CV-7844 (May 11, 2023). Despite these characterizations, Bahgat was able to file a certificate

---

[6] Indeed, the Honorable Carol B. Amon reached the same conclusion in *Cross Bay Deli*, in which she found that Bahgat's practice of stating that his *pro hac vice* application was "pending" was a "persistent practice of including false statements in complaints." M&O at 2, No. 26-CV-1152, Dkt. 10.

of good standing on April 17, 2026 that the Supreme Court of Pennsylvania issued just four days prior. (*See* Good Standing Certificate, Dkt. 8-3.) And although the Court is sympathetic to Bahgat's medical troubles, his claims that he was not lucid enough to file the certificate of good standing before April 1, 2026 strike the Court as implausible.[7] Indeed, despite this claim of incapacity, during this exact time period, Bahgat was executing stipulations and closing cases. *Compare supra* pp. 6–7, 9–10 (explaining that Bahgat did not file for *pro hac vice* admission in this case during March 2026 despite having the March 2, 2026 certificate of good standing that was still valid for one week after his surgery), *with* Proposed Stip. and Order, *Bailey Gourmet Deli Inc. v. United States*, No. 26-CV-1525 (AT) (S.D.N.Y. Mar. 20, 2026), Dkt. 10 (signing stipulation on March 19, 2026), *and* Proposed Stip. and Order, *Moses Deli Grocery Inc. v. United States*, No. 26-CV-1533 (CM) (S.D.N.Y. Mar. 26, 2026), Dkt. 8 (signing stipulation on March 26, 2026), *and* Proposed Stip. and Order, *Chelsea Deli & Cafe Inc. v. United States*, No. 26-CV-1527 (JMF) (S.D.N.Y Apr. 2, 2026), Dkt. 7 (signing stipulation on April 1, 2026). Indeed, in *7 Days Food Mart Corp. v. United States*, Bahgat was able to file for *pro hac vice* admission on April 1, 2026, Mot. Appear *Pro Hac Vice*, No. 26-CV-1899 (E.D.N.Y. Apr. 1, 2026), Dkt. 3, demonstrating that he was able to do the same here, contrary to his representations to the Court.

In short, Bahgat has not demonstrated that there was an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

---

[7] Bahgat used the same excuse in another case in this district, claiming that although his surgery on March 23, 2026 brought him "some immediate relief," he could not file for admission by April 1, 2026 because he was "still in a considerable amount of pain for about the next 10 days." Bahgat Decl. ¶¶ 7–8, *Cross Bay Deli*, No. 26-CV-1152, Dkt. 9-1. But there, Bahgat conspicuously layered on an additional excuse that he does not use here, namely that "[t]owards the end of that period," he "fell and injured [his] hip and shoulder, which caused [him] to be in more pain, and though it was not as bad as the pain in [his] jaw, it made it difficult for [him] to sit and work at [his] computer and not be distracted." *Id.* ¶ 8.

injustice." *Virgin Atl. Airways*, 956 F.2d at 1255 (citations omitted). Instead, he has offered only further excuses and falsehoods. Reconsideration is therefore inappropriate.

## II. Bahgat Cannot Demonstrate "Excusable Neglect"

In the alternative, Bahgat seeks to vacate the Court's dismissal pursuant to Rule 60(b)(1),[8] for "mistake, inadvertence, surprise, or excusable neglect." (Mot. Recons., Dkt. 10, at 9.) To determine whether neglect was excusable, a Court considers "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Dixon v. A Better Way Wholesale Autos, Inc.*, 692 F. App'x 664, 664–65 (2d Cir. 2017) (summary order) (quoting *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013)). The third factor is the most important. *Padilla*, 721 F.3d at 83.

For the reasons largely stated above, the Court cannot find that vacatur is warranted due to excusable neglect. As noted, Bahgat's noncompliance with the rules governing *pro hac vice* admission spanned over a month, and the reasons for his delay were almost entirely within his control or could have been prevented. Furthermore, in light of Bahgat's false representations to the Court, the Court finds that Bahgat did not act in good faith. Finally, although the failure to vacate the dismissal would prejudice Plaintiff by preventing the execution of the stipulation, the overwhelming weight of the factors, including the most important ones, counsel against finding excusable neglect.

[8] Bahgat also seeks relief under Rule 59(e), which the Court denies because the standard for relief is the same as a motion for reconsideration, which Plaintiff cannot show is warranted. *See Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (explaining that the standards for reconsideration and relief under Local Civil Rule 6.3 and Rule 59(e) are identical).

## III. The Court Will *Sua Sponte* Reopen the Case

Although the Court does not grant reconsideration or vacate its order for excusable neglect, it *sua sponte* vacates its order dismissing the case with prejudice pursuant to Rule 60(b)(6). "Rule 60(b)[(6)] of the Federal Rules of Civil Procedure allows the district court to grant relief from a judgment for 'any . . . reason justifying relief from the operation of the judgment.'" *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (quoting Fed. R. Civ. P. 60(b)(6)); *see also Matter of Perras*, No. 08-CV-1771 (KAM) (CLP), 2010 WL 11627295, at *6 (E.D.N.Y. Nov. 3, 2010) ("Rule 60(b)(6) 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice.'" (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009))). "While normally such relief is sought by motion of a party, nothing forbids the court to grant such relief *sua sponte*," as long as all parties have notice. *See Fort Knox*, 257 F.3d at 111 (citing Fed. R. Civ. P. 60(b); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 n.2 (2d Cir. 1977)).

"Vacatur of a judgment or order as part of a settlement is an 'extraordinary remedy,' and should be granted only in 'exceptional circumstances.'" *BMC, LLC v. Verlan Fire Ins. Co.*, No. 04-CV-0105 (RJA), 2008 WL 2858737, at *1 (W.D.N.Y. July 22, 2008) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). "In determining whether a proposed settlement constitutes an exceptional circumstance that justifies the vacatur of a district court order, opinion, or judgment, courts weigh the private interests served by settlement and vacatur against the public interests prejudiced thereby." *In re Take-Two Interactive Sec. Litig.*, No. 06-CV-0803 (SWK), 2008 WL 3884360, at *1 (S.D.N.Y. Aug. 21, 2008) (collecting cases); *accord Easter Unlimited, Inc. v. Rozier*, No. 18-CV-6637 (KAM) (ARL), 2022 WL 4468613, at *2 (E.D.N.Y. Apr. 20, 2022). In assessing the public interests, courts look to whether vacatur would "adversely impact nonparties to the litigation," whether "considerable judicial resources" have already been expended, and the "public interest in preserving judicial precedent." *Doe v. Skidmore Coll.*, No.

17-CV-1269 (LEK) (CFH), 2020 WL 529687, at *2 (N.D.N.Y. Feb. 3, 2020) (first quoting *Pitterman v. Gen. Motors LLC*, No. 14-CV-0967 (JCH), 2018 WL 6435902, at *3 (D. Conn. Dec. 7, 2018), then quoting *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995), and then quoting *Pitterman*, 2018 WL 6435902, at *2).

Here, although the Court finds that Bahgat has not demonstrated excusable neglect or grounds for reconsideration,[9] it finds that the balance of interests supports vacatur under Rule 60(b)(6). The private interests served by settlement weigh heavily in favor of granting vacatur, as both parties seek to settle, and doing so will ensure that Plaintiff is no longer temporarily disqualified from the Supplemental Nutrition Assistance Program ("SNAP"), (*see* Stip. Settlement, Dkt. 12). *See Chamberlain ex rel. Aberdeen Glob. Income Fund, Inc. v. Aberdeen Asset Mgmt. Ltd.*, No. 02-CV-5870 (SJ), 2005 WL 1378757, at *1 (E.D.N.Y. Apr. 12, 2005) ("[V]acatur is authorized in order to permit settlement to proceed, particularly where the victor [and] the losing party [are] in agreement that vacatur would be desirable."); *Walker v. County of Erie*, No. 22-CV-0520 (MAV), 2026 WL 1480375, at *2 (W.D.N.Y. May 27, 2026) (collecting cases reaching the same conclusion). The public interest is not prejudiced by vacatur here, as "there is no evidence to suggest that vacatur in this case would adversely impact nonparties to the litigation"—the Court's judgment was entered early in the case, before significant resources had been expended—and because the Court's judgment of dismissal, being a district court decision, is not precedential in the "technical sense[.]" *See Doe*, 2020 WL 529687, at *2 (alteration in original)

---

[9] Critically, the Second Circuit "ha[s] found that Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)). However, because the Court's basis for granting relief from judgment here is independent from its analysis of Bahgat's conduct under Rule 60(b)(1), it finds that relief under Rule 60(b)(6) is not foreclosed.

(quoting *Pitterman*, 2018 WL 6435902, at *2). Furthermore, the settling Defendants in this case are the United States of America and a federal agency, which represent the public's interests. This matter is therefore reopened pursuant to Rule 60(b)(6).

**IV. Bahgat Is Ordered to Show Cause Why He Should Not be Sanctioned**

Despite reopening this case, the Court still cannot enter the stipulation of settlement the parties have filed. That is because Bahgat still has not satisfied Local Civil Rule 1.3(k)'s *pro hac vice* admission requirements. *See* Order, *1414 Castleton*, No. 22-CV-7844 (May 11, 2023) (requiring stipulation of dismissal to be filed by all parties who have *appeared*). Local Civil Rule 1.3(k) clearly requires an applicant for *pro hac vice* admission to file certificates of good standing for **every state** in which they are a member in good standing. Local Civ. Rule 1.3(k) ("The [application] must be accompanied by a certificate of the court for *each of the states* in which the applicant is a member of the bar that has been issued within 30 days of filing and states that the applicant is a member in good standing of the bar of that state court[.]" (emphasis added).) In addition to being licensed in Pennsylvania, Bahgat is licensed in New Jersey and Ohio. *See Attorney Directory Search*, Sup. Ct. of the State of Ohio, https://www.supremecourt.ohio.gov/attorneysearch/#/82116/attyinfo [https://perma.cc/6NP5-VGDT] (last visited Sep. 22, 2026) (listing Joseph Abraham Bahgat as "Active" since 2007 under Registration Number 82116); *Attorney Search*, N.J. Cts., https://portalattysearch-cloud.njcourts.gov/prweb/PRServletPublicAuth/app/Attorney/-amRUHgepTwWWiiBQpI9_yQNuum4oN16*/!STANDARD?AppName=AttorneySearch [https://perma.cc/Z9LB-9BL4] (last visited Sep. 22, 2026) (listing Joseph A. Bahgat as "Active" since 2008 with Attorney ID 006502008); *see also Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-CV-5980 (RA) (JLC), 2013 WL 5977440, at *14 (S.D.N.Y. Nov. 12, 2013) (taking judicial notice of dates of attorneys' bar admissions from New York State Unified Court System's online records), *report*

*and recommendation adopted*, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014).[10] Thus, to obtain *pro hac vice* admission in this case, Bahgat needed to provide not just a certificate of good standing from Pennsylvania, but also certificates from Ohio and New Jersey.[11] He did not do so. Instead, Bahgat *did not disclose these other licensures at any point in proceedings and in applying for pro hac vice admission*.

Bahgat's deception went beyond mere omission—Bahgat falsely represented to the Court that reconsideration was warranted because he has "demonstrated full compliance with all pro hac vice requirements and procedures in the Eastern District of New York" and that the "the underlying problem . . . has now been fully remedied." (Mot. Recons., Dkt. 10, at 5.) This misrepresentation is not isolated to this case: Bahgat has neglected to mention the other states where he is licensed in every *pro hac vice* application he has filed in this district. *See* Mot. Appear *Pro Hac Vice*, *Cross Bay*, No. 26-CV-1152, Dkt. 5; Mot. Appear *Pro Hac Vice*, *7 Days Food Mart Corp.*, No. 24-CV-1346, Dkt. 10; Mot. Appear *Pro Hac Vice*, *S. King*, No. 24-CV-6544, Dkt. 10; Mot. Appear *Pro Hac Vice*, *Elm Mini Mart*, No. 26-CV-1335, Dkt. 8; Mot. Appear *Pro Hac Vice*, *Astoria Town*

---

[10] Bahgat also advertises these Ohio and New Jersey admissions on his firm's website. *Joseph A. Bahgat*, Priv. Firm, https://privacyfirm.law/team/joseph-a-bahgat/ [https://perma.cc/5C7J-P7MM] (last visited Sep. 22, 2026). And Bahgat has represented in other cases that he is admitted in Ohio and New Jersey. *See* Mot. Appear *Pro Hac Vice* at 1, *Microsoft Corp. v. Softicle.com*, No. 17-MC-0117 (DSF) (CFE) (C.D. Cal. Sep. 28, 2017), Dkt. 10 (listing admission in Ohio as of 2007); Defs.' Reply Supp. Summ. J. at 16, *Voorhees v. Tolia*, No. 16-CV-8208 (ZNQ) (LHG) (D.N.J. Oct. 14, 2021), Dkt. 99 (signing brief with New Jersey bar identification number, "006502008").

[11] This is not an onerous requirement. New Jersey and Ohio offer certificates of good standing online, entirely bypassing the mailing problem that allegedly led to Bahgat's failure to file a timely *pro hac vice* application. *See Certificate of Good Standing*, N.J. Bd. of Bar Exam'rs, https://www.njbarexams.org/appinfo.action?id=8 [https://perma.cc/8TUM-MBHX] (last visited Sep. 22, 2026) (offering certificates via email "promptly"); *Certificates of Good Standing*, Sup. Ct. of Ohio & Ohio Jud. Sys., https://www.supremecourt.ohio.gov/attorneys/good-standing/ [https://perma.cc/Q7XV-6ELH] (last visited Sep. 22, 2026) (offering same-day certificates).

*Deli*, No. 25-CV-3867, Dkt. 16; Mot. Appear *Pro Hac Vice*, *World Famous Deli*, No. 26-CV-1038, Dkt. 8; Mot. Appear *Pro Hac Vice*, *Ocean Park*, No. 26-CV-1042, Dkt. 6; Mot. Appear *Pro Hac Vice*, *Greenland Mkt.*, No. 26-CV-1231, Dkt. 9; Mot. Appear *Pro Hac Vice*, *Bob Deli*, No. 26-CV-1242, Dkt. 9; Mot. Appear *Pro Hac Vice*, *Firehouse Deli*, No. 26-CV-1269, Dkt. 10; Mot. Appear *Pro Hac Vice*, *Lenox Deli*, No. 26-CV-1270, Dkt. 7; Mot. Appear *Pro Hac Vice*, *7 Star Express*, No. 26-CV-2065, Dkt. 7; Mot. Appear *Pro Hac Vice*, *Bella Rosa*, No. 26-CV-1041, Dkt. 9; Mot. Appear *Pro Hac Vice*, *12 St. Gourmet Deli*, No. 21-CV-6762, Dkt. 2; Mot. Appear *Pro Hac Vice*, *7 Days Food Mart*, No. 26-CV-1899, Dkt. 3.

Moreover, since moving for reconsideration in this case, Bahgat has filed several new cases in which he again has failed to file for *pro hac vice* admission contemporaneously with filing the complaint. Instead, Bahgat has attached a "Notice of Motion" for leave to appear *pro hac vice*. *See*, *e.g.*, Notice Mot. Appear *Pro Hac Vice*, *Jabar Fresh Bites Deli Inc. v. United States*, No. 26-CV-5740 (TAM) (E.D.N.Y. Sep. 17, 2026), Dkts. 1-2–1-5. Bahgat has continued to do so despite being warned that he must file a separate *motion* to appear *pro hac vice. See* Order, *99c And More Corp. I v. United States*, No. 26-CV-4857 (TAM) (E.D.N.Y. Aug. 25, 2026) (explaining that "counsel is generally expected to submit a *pro hac vice* motion, as a standalone motion, contemporaneously with the electronic filing of the complaint, but not as a motion within the filing of the complaint" and that Bahgat failed to respond to two prior requests to refile his motion); Order, *Jabar Fresh Bites*, No. 26-CV-5740 (Sep. 22, 2026) (reminding Bahgat of prior warning and noting he continued this practice).[12] Bahgat has failed to mention the other states in which he

[12] *See also* Notice Mot. Appear *Pro Hac Vice*, *Golden Lion Food Corp. v. United States*, 26-CV-5816 (E.D.N.Y Sep. 21, 2026), Dkt. 1-2 (continuing this practice); Notice Mot. Appear *Pro Hac Vice*, *King Juice & Grill Corp. v. U.S. Dep't of Agric., Food and Nutrition Admin.*, 26-CV-5817 (E.D.N.Y. Sep. 21, 2026), Dkt. 1-2 (same); Notice Mot. Appear *Pro Hac Vice*, *Adam Mini Mkt. v. U.S. Dep't of Agric., Food and Nutrition Admin.*, 26-CV-5818 (E.D.N.Y Sep. 21,

is barred in these new "applications," too. *See, e.g.*, Notice Mot. Appear *Pro Hac Vice*, *Jamaica King Deli v. United States*, No. 26-CV-4849 (NGG) (RML) (E.D.N.Y. Aug. 10, 2026), Dkt. 1-4; Notice Mot. Appear *Pro Hac Vice*, *Beach Channel Deli & Grocery Corp. v. United States*, No. 26-CV-4884 (JRC) (E.D.N.Y. Aug. 11, 2026), Dkt. 1-4. Thus, for all Bahgat's claims about good faith attempts to comply with the Local Civil Rules and incredible excuses for why he has been unable to do so, Bahgat has <u>never</u> made a good faith attempt to comply with the district's Local Civil Rules—nor, does it seem, he ever intended to.

These admission requirements are not meaningless. "Admission *pro hac vice* is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge." *Allah-El v. Columbia Univ.*, No. 25-CV-8101 (JHR), 2026 WL 412646, at *3 (S.D.N.Y. Feb. 13, 2026) (citation omitted). To "admit an attorney to practice *pro hac vice*, th[e] [c]ourt must have some reasonable assurance that such attorney is familiar with the Federal Rules of Civil Procedure, the [Southern District and Eastern District joint Local Rules], th[e] [c]ourt's Individual Rules, and the customs and practices of th[e] [c]ourt." *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485–86 (S.D.N.Y. 1996). These requirements serve the interests of judicial economy by preventing "attorneys who are not competent to practice before th[e] [c]ourt to appear *pro hac vice*." *Id.* Specifically, to conduct proceedings effectively, a court must be able "to rely upon representations made on the record by attorneys licensed to practice before it." *Ascento Cap., LLC v. Filipiak*, No. 24-CV-6392 (AT) (GS), 2024 WL 4536667, at *2 (S.D.N.Y. Sep. 30, 2024) (citation omitted). "A false statement in an attorney's motion for admission *pro hac vice* presents one such occasion for denial of the motion," because it demonstrates to a court that it may not rely

---

2026), Dkt. 1-2 (same); Notice Mot. Appear *Pro Hac Vice*, *Wasim 1 Deli Grocery Corp. v. United States*, 26-CV-5817 (E.D.N.Y Sep. 21, 2026), Dkt. 1-2 (same).

on their representations. *See id.* (collecting cases). Bahgat's omissions in his *pro hac vice* application, besides demonstrating that the Court may not rely on his representations, have hindered the Court's ability to conduct proceedings efficiently and, even now, afford Plaintiff relief.

Bahgat's misrepresentations in this case are emblematic of a broader course of deception he has perpetuated on virtually every judge in this district before whom he has appeared. The only conclusion that the Court can derive from Bahgat's pattern of behavior is that he has no regard for compliance with court rules, no interest in paying court filing fees or any sense of obligation to do so, and no consideration of his duty of candor to the Court. These omissions and misrepresentations warrant sanctions. "Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). "[D]ue process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) (alteration in original) (emphasis omitted) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 2000)). Accordingly, the Court directs Bahgat to:

**SHOW CAUSE** why he should not be sanctioned pursuant to:

**1. Rule 16(f).** Rule 16(f) authorizes a Court "[o]n motion or on its own" to issue sanctions if an attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Bahgat is specifically directed to show cause why he should not be sanctioned for failure to comply with this Court's clear and unambiguous orders directing him to file for *pro hac vice* admission. *See Shanchun Yu v. Diguojiaoyu, Inc.*, No. 18-CV-7303 (JMF), 2019 WL 6174204, at *3 (S.D.N.Y. Nov. 20, 2019) (explaining that sanctions are warranted where there is "clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial

order"); *see also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885 (MCR), 2022 WL 17905374, at *1–3 (N.D. Fla. Dec. 23, 2022) (declining to grant relief from judgment of dismissal, which was entered as a Rule 16(f) sanction for disregarding an order to file a motion to appear *pro hac vice*). Bahgat should address not only his failure to timely file for *pro hac vice* admission, but also his failure to comply with the Court's orders even when he filed an application, as he did not submit a certificate of good standing from each state in which he is licensed.

**(2) Rule 11.** Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3). A court may, "[o]n its own, . . . order an attorney[] . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)," and "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction[.]" Fed. R. Civ. P. 11(c)(1), (3). Courts may sanction attorneys under Rule 11 for "misrepresenting facts," *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013), and for "deliberately making false statements to the Court," *Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 1267337, at *3–4 (S.D.N.Y. Mar. 18, 2015) (finding attorney's excuses for missing conferences were false and intended to mislead the court, and therefore warranted sanctions under Rule 11). Here, Bahgat is directed to show cause why he should not be sanctioned for stating that: (a) his *pro hac vice* application was "pending" when it was not yet filed, (b) he was admitted to practice in Pennsylvania without disclosing his licensure in Ohio and New Jersey, and (c) he "demonstrated full compliance with all pro hac vice requirements and procedures," (Mot. Recons., Dkt. 10, at 5), when he, in fact, had

not. *See Pintur v. Rogic*, No. 16-CV-9696 (LTS) (KHP), 2017 WL 5565620, at *4–6 (S.D.N.Y. Oct. 25, 2017) (sanctioning attorney under Rule 11 for misrepresenting her employment affiliation and status in *pro hac vice* application), *report and recommendation adopted*, 2017 WL 5564613 (S.D.N.Y. Nov. 16, 2017). As part of his show-cause response, Bahgat shall explain why the Court should not find that these false statements, which were not limited to this action, do not demonstrate a pattern of knowing and willful non-compliance with the district's *pro hac vice* admission rules.

**(3) The Court's Inherent Power**. The Court has inherent power to sanction attorneys "to manage [the Court's] own affairs so as to achieve the orderly and expeditious disposition of cases." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Sanctions for failure to comply with *pro hac vice* admission requirements fall squarely within this inherent sanctioning power. *See In re Chase*, 372 B.R. 142, 154–55 (Bankr. S.D.N.Y. 2007) (imposing sanctions pursuant to court's inherent power for failure to, *inter alia*, comply with *pro hac vice* admission requirements). As do sanctions for making "false and misleading statements to the Court." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 924 F. Supp. 2d 505, 507–08 (S.D.N.Y. 2013) (imposing monetary penalty as a sanction pursuant to both Rule 11 and the court's inherent powers); *cf. McDonough v. Bidwill*, No. 24-CV-0764 (PHX) (DWL), 2025 WL 1556974, at *6 (D. Ariz. June 2, 2025) (explaining attorney representation of "*pro hac vice* pending" was misleading when he "had not yet even attempted to apply for *pro hac vice* status" and imposing sanctions as a result). Here, Bahgat should show cause as why he should not be sanctioned pursuant to the Court's inherent power for all of the aforementioned conduct.

* * *

Bahgat shall have **two weeks** to file a letter, of no more than **ten** pages, responding to this Order. Bahgat is warned that, in determining the propriety of sanctions, the Court will take notice of his conduct in other cases as a matter of public record. *See, e.g.*, *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *9–10, *12 (S.D.N.Y. June 26, 2020) (taking such notice to impose sanctions under Rule 16(f) and the court's inherent power), *aff'd in part sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 858 F. App'x 457 (2d Cir. 2021), and *aff'd sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267 (2d Cir. 2021); *Biocad JSC v. F. Hoffmann-La Roche Ltd.*, No. 16-CV-4226 (RJS), 2022 WL 268102, at *8 n.7 (S.D.N.Y. Jan. 28, 2022) (taking such notice in determining whether sanctions were warranted under Rule 11).

## CONCLUSION

For the foregoing reasons, the Court (1) denies Plaintiff's Motion for Reconsideration and (2) *sua sponte* vacates its Judgment of Dismissal with Prejudice. The Clerk of Court is respectfully directed to reopen this case. The Court also directs Bahgat to show cause why he should not be sanctioned by submitting a letter of no more than ten pages by **October 9, 2026**. The Court also directs Bahgat to re-file for *pro hac vice* admission in this case—including by submitting certificates of good standing from every state in which he maintains an active license—by **October 23, 2026**. No extensions will be granted, and the Court will not so-order the Parties' stipulation until Bahgat has done so.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 25, 2026
Brooklyn, New York